IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT M. PETTIGREW and SHARON D. PETTIGREW | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 07-60 (JBS) |
| v. | |
| DEUTCHE BANK NATIONAL TRUST COMPANY, N.A., FEIN, SUCH, KAHN and SHEPARD, P.C., CAMDEN COUNTY SHERIFF and THE CAMDEN COUNTY SHERIFF DEPARTMENT | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge:**

On January 5, 2007, Plaintiffs Robert M. Pettigrew and Sharon D. Pettigrew ("Plaintiffs") commenced this action against Defendants (Deutsche Bank National Trust Company, N.A., Fein, Such, Kahn and Shepard, P.C., the Camden County Sheriff, and the Camden County Sheriff's Department (the "Defendants")) and sought, among other forms of relief, a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 65(b), to stay an eviction scheduled on January 9, 2007.[1] For the following reasons, the Court will deny the request for a temporary restraining order and will dismiss this case:

---

[1] Plaintiffs also demand that Defendants (1) "recogni[ze] the Federal Foreclosure Bond" and (2) "Demand Defendants produce (a) the original note/instrument, (b) evidence of loss, [and] (c) ledger of original promissory note and general accounting."

1.  It appears from Plaintiffs' papers submitted in this docket that some time prior to January 5, 2007, New Jersey Superior Court Judge Ronald J. Freeman entered an order of foreclosure on Plaintiffs' home at 204 Cranford Road, Camden, New Jersey, upon a complaint filed in the Chancery Division by the mortgagee Deutsche Bank. (Docket No. F-18853-03). The eviction by the Sheriff was apparently issued pursuant to the order of foreclosure.

2.  Unhappy with Judge Freeman's decision in the foreclosure action and the ordering of Plaintiffs' eviction from the Cranford Road premises, Plaintiffs now ask this Court to use its authority to stay the execution of the order of eviction.

3.  The Court cannot give Plaintiffs the relief they are seeking, or even hear their claim. In effect, Plaintiffs seek to appeal Judge Freeman's decision to the U.S. District Court. Although they claim that Defendants violated a federal statute (the Fair Debt Collection Practices Act) and a violation of "House Joint Resolution 192," Plaintiffs are essentially asking this Court to undo Judge Freeman's foreclosure decision and order of eviction. Furthermore, Plaintiffs seek to raise grounds against foreclosure that could have been raised in defense of the foreclosure suit.[2] Plaintiffs' appeal must be taken in the state

---

[2] Plaintiffs are likely prohibited from now raising additional grounds against foreclosure that could have been raised in defense of the foreclosure suit under New Jersey's

system that rendered the decision.  Plaintiffs have more process available to them in the form of a state appeal.  Plaintiffs disagree with the result before Judge Freeman, but Plaintiffs' redress is available only from the Appellate Division of the New Jersey Superior Court, and not from this Court.

    4.    Complaints received by this Court are regularly reviewed in order to determine if the Court has subject matter jurisdiction over the matter.  Specifically, under Fed. R. Civ. P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Although ordinarily the Court would hear oral argument on a motion for preliminary injunction, because it is clear from Plaintiffs' papers themselves that the Court lacks jurisdiction over this civil action, no hearing is necessary to determine whether temporary restraints would be appropriate, nor would the Court be permitted to impose such restraints.

> When subject matter jurisdiction is at issue, a federal court is generally required to reach the jurisdictional question before turning to the merits. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 93-95, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) (rejecting the position previously taken by several courts of appeals

---

Entire Controversy Doctrine, which requires that all claims arising out of a single or series of transaction be brought against all potential parties in a single action.  See Bartkus, N.J. Federal Civil Procedure ¶ 1-5:6 at 24; see also Melikian v. Corradeti, 791 F.2d 274, 279 (3d Cir. 1986).

that found it "proper to proceed immediately to the merits question" in a case "despite jurisdictional objections"); Larsen v. Senate of the Commw., 152 F.3d 240, 245 (3d Cir. 1998) ("A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.").

Baltimore County v. Hechinger Liquidation Trust, 335 F.3d 243, 249 (3d Cir. 2003).

5. According to controlling Third Circuit precedent, this Court lacks jurisdiction over what is, in essence, an appeal of Judge Freeman's decision in the state system.

> Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling. Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (citing FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). As such, application of the Rooker-Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).
>
> In explaining the jurisdictional bar, this Court has described the Rooker-Feldman doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or those "inextricably intertwined" with adjudication by a state court. Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir.2000) We have further explained that "a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" Id. (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d

>   Cir. 1989) (quoting <u>Pennzoil Co. v. Texaco Inc.</u>, 481
>   U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)
>   (Marshall, J., concurring))). <u>See also</u> Exxon Mobil, 544
>   U.S. at 293, 125 S. Ct. 1517 ("In parallel litigation,
>   a federal court may be bound to recognize the claim-
>   and issue-preclusive effects of a state-court
>   judgment," but the federal court is divested of
>   jurisdiction under <u>Rooker-Feldman</u> only where it is
>   asked to redress injuries caused by an unfavorable
>   state-court judgment.). Importantly, if a plaintiff's
>   claim in federal court is inextricably intertwined with
>   a previous state court adjudication, the district court
>   lacks jurisdiction over the claim even if it was not
>   raised in the state court. <u>Id.</u> at 327, 125 S. Ct. 1517.

<u>Taliaferro v. Darby Tp. Zoning Bd.</u>, 458 F.3d 181, 192-93 (3d Cir. 2006). "[A] party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the [United States] Supreme Court under § 1257, not a separate action in federal court." <u>Parkview Ass'n P'ship</u>, 225 F.3d at 324. Not only are the issues in this case "inextricably intertwined" with the proceedings in the state court, but relief in this action could "only be predicated upon a conviction that the state court was wrong." <u>Id.</u> at 325.

    6.  Because this Court lacks subject matter jurisdiction to adjudicate this case or the motion for a temporary restraining order and to stay execution of an order of eviction, the Court shall dismiss the action, pursuant to Fed. R. Civ. P. 12(h)(3). The Court expresses no view upon the merits of Plaintiffs' Complaint.

January 8, 2007  
Date

Jerome B. Simandle  
United States District Judge